### JIM BRYANT V. THE STATE.

No. 10767.   Delivered March 9, 1927.

Rehearing denied May 11, 1927.

1.— Transporting Intoxicating Liquor — Statement of Facts — Filed Too Late—Cannot Be Considered.

It appearing that the statement of facts in this case was filed ten days after the expiration of the time allowed by statute for filing same, it cannot be considered. In the absence of a statement of facts this court is unable to appraise the bills of exception, and the judgment must be affirmed.

#### 'ON REHEARING.

2.— Same — Practice on Appeal — Filing of Ex Parte Affidavits — Not Permissible.

On rehearing appellant files in this court the ex parte affidavits of two of the jurors, in support of his bill of exception. These affidavits cannot be considered. On appeal to this court, only the record that is brought forward from the trial court can be considered.

3.—Same—Statement of Facts—Filed Too Late—When Considered.

Where a statement of facts is not filed within the time prescribed by statute, if it is made to appear that the failure to file within time was not due to any lack of diligence on the part of appellant, but was the result of the wrong doing of some one officially connected with the preparation and filing of such statement of facts, it will be considered.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for the transportation of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for transportation of intoxicating liquor, punishment one year in the penitentiary.

Our attention is called by the State's Attorney to the fact that the statement of facts was filed ten days after the expiration of the time allowed by statute for filing same. It is urged that we cannot consider same. The contention of the state appears in accord with the facts.

Six bills of exception appear in the transcript, each of which has been examined, but the materiality and propriety of the matter contained in each cannot be appraised by us in the absence of a statement of facts. The bills are qualified in each instance and present no error. One of said bills asserts that a juror was taken upon the case who expressed prejudice against appellant after his selection on the jury. If any facts were heard by the court relating to this matter when it came before him in connection with the motion for new trial, same were in no way preserved or brought here.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—The fact that the statement of facts was filed too late, as stated in our former opinion, is not denied. Appellant files with this record certain correspondence, also the ex parte affidavits of two of the jurors who sat in this case. Said correspondence suggests no misconduct or fault on the part of any of the officers of the trial court causing or contributing to the failure of appellant to file his statement of facts within

the time required by law. We cannot accept or permit an attack upon the regularity of the conduct of a trial by ex parte affidavits. If appellant, through no fault of his, failed to have his record in condition as required by statute, this is to be regretted; unless, however, it be shown that such failure was through no lack of diligence on the part of appellant, and was the result of the wrong-doing of some one officially connected with the preparation and filing of such statement of facts, we would not be authorized to consider same.

The motion for rehearing will be overruled.

*Overruled.*

Morrow, P. J., not sitting.